JOSEPH L. AYRES et al. *vs.* TAYLOR and PAULDING; WM. C. RAYBURN et al. *vs.* R. H. NICKLE; CUMBY and JERMAN *vs.* BROWN and SIMPSON.

The authority of a clerk of the circuit court in any case to administer an oath, is conferred by statute, and is limited to the cases therein enumerated.

The only statute on this subject (Hutch. Code, 433, § 158) empowers the clerks and their deputies to administer oaths in all cases wherein an affidavit is necessary, as the foundation of any official act to be performed by any such clerk.

The affidavit to a complaint filed, is not the foundation of any official act to be performed by the circuit clerk. *Held,* that the affidavit is void.

IN error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

At the March term, 1851, of the circuit court of Tippah county, Taylor and Paulding brought suit on a promissory note, given to them by Ayres & Co., for the sum of $338.56. The complaint was verified by the plaintiffs before the clerk of the circuit court, and the defendants filed their answer, which was not verified.    The plaintiffs, by their attorney, moved to strike out the answer because it was not verified by defendants, and the circuit court sustained the motion to strike out, but gave leave to defendants to answer over, which they declined to do, and judgment by default was rendered against defendants, who prayed this writ of error.

*Price* and *Jackson*, for appellants,

Contended, that previous to the act of 1850, changing the mode of practice in the circuit courts, the court had no power to give judgment over a plea, even at the trial term of the court, without the intervention of a jury.    The circuit court has no power to strike out a plea, good in substance, merely because it is not verified.    The construction placed on the 6th section of the act of 1850, under which the court claims this power, is erroneous.    The 12th section of this act gives the defendants until the second term of the court to make up their pleadings.

*J. F. Cushman*, on the same side.

The act of 1850, 12th section, says, that "the pleadings shall in all cases be made up and perfected for trial at the second term after filing the complaint."    This is very plain language, and certainly does not command the pleadings to be made up at the first term, and was evidently intended to give the defendants a term within which to perfect the pleadings, or the language of the statute cannot mean any thing.

The clerks of the circuit court, I apprehend, have no power to take affidavits to complaints filed like this in circuit courts. They can only take affidavits where they are "the foundation of any official act to be performed by such clerk."    Hutch. Code, 433, § 158.    This affidavit is clearly not the foundation of any official act to be performed by any officer of the court.

*O. Davis*, for appellees,

In reply, contended, that the act of 1850 was intended to do nothing more than change the forms of pleadings. The 12th section of that act is intended only to give parties the most ample scope to amend their pleadings, and, therefore, requires that the pleadings shall in all cases be made up at the second term, "when the party shall be duly in court." The act was intended to give the parties power to amend freely until the second term after they were in court. The act does not say that the parties are not in court until the second term; for if the legislature had intended any other meaning than I have given for this section, they would have required all writs to be made returnable to the second term.

It is said, that the act of 1850 was not intended to repeal the law of 1840, giving an imparlance term. This I admit, for under that law the plaintiff was entitled to judgment at the first term, unless the defendant filed his defence in conformity with the requirements of the law; and so the act of 1850 permits the same to be done. The last act, however, requires that where the first pleading is under oath, all subsequent pleadings shall be verified likewise. Neither countenances any pleading intended for delay.

*Adams* and *Dixon*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

The defendants in error brought suit on a writing obligatory made by the plaintiffs in error, to the March term, 1851, of the circuit court of Tippah county. To which the defendants below filed their answer, setting forth payment of the debt and interest before the commencement of the suit. This answer was, by the court, treated as a nullity and stricken from the record, on the ground, that it was not verified by the oath of the parties, as required by the 6th section of the statute of 1850, which says, that when any pleading in a case shall be verified by affidavit, all subsequent pleadings, except demurrers, shall be verified also. The complaint filed by the plaintiffs below was verified by affidavit made before the clerk of said

The State of Mississippi *v.* Borroum et al.

court in these words : " Sworn to and subscribed before 'me, 1st March, 1851, H. W. Strickland, clerk." The statute must be understood to mean, that the party shall swear to his pleading before an officer authorized by law to administer an oath. The authority of the clerk to administer an oath in any case is conferred by statute, and is limited to the cases therein enumerated. The only statute 'on this subject is the act of 1822, which says, that " the several clerks of the circuit courts of this State and their deputies, shall be, and they are hereby, empowered to administer oaths in all cases wherein an affidavit is necessary, as the foundation of any official act to be performed by any such clerk." Hutch. Code, 433, § 158. The affidavit to the complaint in this case, was not the foundation of any official act to be performed by the clerk administering the oath, and it was, therefore, a nullity. Hence the defendants below were not required to verify their answer, and it was error in the court to strike it out.

Judgment reversed, and cause remanded.